# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, an Ohio corporation,<br><br>    Plaintiff,<br>vs.<br>DANIEL DUONG, XIAOLING SHI, AARON CHIH YUAN LEE and NA SHEN,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM AND CROSS-CLAIMS | Case No.:  **2:10-cv-07764-JHN -JCGx**<br><br>Judge: Hon. Jacqueline H. Nguyen<br><br>JUDGMENT |

WHEREAS the Court has issued its ORDER enforcing a written settlement agreement, IT IS ORDERED, ADJUDGED AND DECREED that the Judgment herein shall consist of the terms of the Interim Settlement Agreement executed by Xiaoling Shi and Daniel Duong on June 30, 2011, which states as follows:

1. Daniel Duong, Defendant, Claimant, Counter-Claimant, Cross-Claimant and Cross-Defendant, and Xiaoling Shi, Defendant, Cross-Defendant and Cross-Claimant, on behalf of themselves and all related persons, agree to

settle the interpleader action, UCSD Case No. CV 10-007746 on the following terms and conditions:

    (A)    After payment of attorney fees and costs to Western Reserve Life Assurance Co. ("WRL"), either by way of stipulation of the parties or court order;

    (B)    The net funds will be distributed as follows:

    (i)    52% to Xiaoling Shi and her counsel of record, King Cheng & Miller, LLP and

    (ii)    48% to Daniel Duong and his counsel of record, James T. Hudson.

2. The parties will advise the Court of the settlement and upon payment of the proceeds in interpleader in keeping with the provision of Paragraph 1 above, the parties, including WRL, shall file a Stipulation to Dismiss the action, including any and all counter-claims, cross-complaints, with prejudice.

3. Currently pending is a claim by Daniel Duong, as the primary beneficiary, against a life insurance policy issued by ING/Reliastar ("ING" herein). Xiaoling Shi is the contingent beneficiary of the ING policy. No litigation is currently pending regarding the claim against this policy; nevertheless, the parties wish to resolve any dispute or potential dispute as to the distribution of the proceeds from the ING policy. Accordingly, the parties agree as follows:

    (A)    James T. Hudson will prosecute the claim against ING for payment of the policy proceeds, with Daniel Duong as the claimant. Mr. Hudson shall be paid attorneys fees of one third of any recovery on the ING policy and costs of suit will be born by Daniel Duong.

(B) Any net recovery (after deducting attorneys fees and costs) from ING by way of settlement or judgment will be divided as follows:

(i) Daniel Duong shall receive 90%; and

(ii) Xiaoling Shi shall receive 10%.

(C) Xiaoling Shi shall cooperate in the prosecution of the action against ING, including, but not limited to signing medical authorizations allowing ING to investigate the medical status of the decedent.

(D) James Hudson shall keep counsel for Xiaoling Shi apprised of the status of the claim periodically.

(E) Daniel Duong and his counsel will have sole control over all case management and strategy, including settlement discussions and/or trial strategy.  Should resolution of the claim against ING be effectuated by way of settlement, Xiaoling Shi's consent will not be required to consummate the settlement.

(F) Xiaoling Shi will release and waive her claims against ING and will assign them to Daniel Duong in return for her percentage of recovery from any settlement or judgment as set forth in Paragraph 3(B)(i) and (ii) above.

4. Daniel Duong and Xiaoling Shi, on behalf of themselves, their spouses, heirs, agents, representative and attorneys, shall mutually release each other and their respective spouses, heirs, agents, representative and attorneys, and shall waive any and all claims, known and unknown, including a waiver of the provisions of Civil Code § 1542, which states:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the

release, which if known by him or her must have materially affected his or her settlement with the debtor."

The parties each deny all liability and this settlement agreement shall not be construed as an admission of liability which is unequivocally denied. Notwithstanding the scope of this agreement, Xiaoling Shi reserves her right to bring a wrongful death claim against Daniel Duong in the event Daniel Duong is convicted of the murder of Donglei Shi or of any crime related to her murder and the statute of limitations is tolled until a judgment of conviction is entered.

5. Each party to bear their own costs and attorney fees except as set forth above.

6. The parties herein agree that they have reached a full and final settlement of all claims. This Interim Settlement Agreement is binding and it contains the material terms of the agreement between the parties and is enforceable under Code of Civil Procedure §664.6. Pursuant to Evidence Code §1123(a), the parties agree that this Interim Settlement Agreement is exempt from the confidentiality provisions of Evidence Code §1152, et seq. and further, that said Agreement is admissible pursuant to Federal Rules of Evidence, Rule 408 in an action to enforce the settlement.

IT IS SO ORDERED AND ADJUDGED.

Dated: September 12, 2011

_____
Hon. Jacqueline H. Nguyen
UNITED STATES DISTRICT JUDGE